IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)    JAIME ALONZO,

        Plaintiff,

v.                                                                Case No. CIV-25-51-G

(1)    BETHANY POLICE DEPARTMENT;
       and

(2)    OFFICER AARON PLUMB of the
       BETHANY POLICE DEPARTMENT,
       in his individual capacity,

       Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff, Jaime Alonzo, and for his causes of action herein alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    This matter was previously filed under Case No. CIV-23-921-J, which was dismissed without prejudice on January 31, 2024.

2.    The Plaintiff is Jaime Alonzo, is a resident domiciled in Oklahoma County, State of Oklahoma.

3.    That Defendants are:

    a.    Bethany Police Department,  a municipality operating under the color of state law and

    b.    Officer Aaron Plumb, in his individual capacity. Officer Plumb is an

officer and/or employee of the Bethany Police Department and at all times pertinent hereto was acting under the color of law.

4.    This is a cause of action for a violation of Mr. Alonzo's constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Alonzo's right to be free from the use of excessive force was infringed up by government actors and is actionable under 42 U.S.C. § 1983. Jurisdiction over such claims is vested pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Mr. Alonzo's corresponding state claims arise out of the same core facts and jurisdiction over those claims is vested in this Court pursuant to 28 U.S.C. § 1367.

5.    Defendants are located in Oklahoma County, Oklahoma and all acts complained of herein occurred in Oklahoma County. Oklahoma County is located within the Western District for the United States District Court of Oklahoma and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(B).

## FACTUAL ALLEGATIONS

6.    On or about March 13, 2022, Officer Aaron Plumb aggressively approached Jaime Alonzo after allegedly observing him near a fellow officer's police cruiser.

7.    Officer Aaron Plumb did not observe any violent acts and/or threatening acts prior to seizing Plaintiff Jaime Alonzo.

8.    On the day in question, Jaime Alonzo was 18 years old and stood 5'8" and weighed roughly 140 lbs.

9.    While in the process of seizing Mr. Alonzo, Officer Plumb observed Jaime

Alonzo attempt to hand his cellular phone to a nearby witness.

10.     In response, Officer Aaron Plumb violently slammed Jaime Alonzo onto his head on concrete.

11.     Jaime Alonzo, at no point, attempted to physically or verbally threaten Officer Plumb and did not attempt to evade his seizure.

12.     Officer Plumb was subjectively aware that his use of force on Jaime Alonzo would severely injure Mr. Alonzo.

13.     Defendant Plumb had no objective reason, based upon Mr. Alonzo's actions, to justify the level of force used on Mr. Alonzo.

14.     The slam into the concrete by Officer Plumb resulted in traumatic changes to Mr. Alonzo seen on a CT head scan. These included a right temporal linear skull fracture and brain hemorrhaging.

15.     As a result of these injuries caused by Officer Plumb, Jaime Alonzo has suffered a traumatic brain injury, permanent injury and damage to his vision which has required surgery.

16.     Since that visit, the Bethany Police Department had officers visit his family's place of residence on multiple occasions without any legal justification or reason.

17.     On March 13, 2023, the Oklahoma Governmental Tort Claims Act notice was sent to the Bethany Police Department.

## **COUNT I**

For his first cause of action, Mr. Alonzo alleges as follows:

18. Mr. Alonzo hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

19. The conduct by Defendant Plumb described herein constituted excessive force in violation of the Fourth Amendment of the United States Constitution, and clearly established law.

20. At all material times, Defendant Plumb was acting under the color of state law, as an agent of the Tulsa County Sheriff's Office, and within the scope of his employment and authority as a duly-certified law enforcement officer of the Tulsa County Sheriff's Office.

21. At all material times, Defendant Plumb had no reason to believe that Mr. Alonzo was armed or dangerous.

22. At all material times, Defendant Plumb did not have a reasonable fear of imminent bodily harm when he slammed Mr. Alonzo into the ground, nor did he have a reasonable belief that any other person was in danger of imminent bodily harm from Mr. Alonzo.

23. Defendant Plumb's use of force was objectively unreasonable and violated clearly established law.

24. As a result of Defendant Plumb's unjustified, excessive, and illegal use of force, Mr. Alonzo experienced conscious pain and suffering.

25. Defendant Plumb never had a reasonable fear of imminent bodily harm, nor did he have a reasonable belief that any other person was in danger of imminent bodily harm from Mr. Alonzo at any time.

26. As a direct and proximate result of the acts and omissions described herein, Mr. Alonzo suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

27. Officer Plumb's actions are also in violation of Oklahoma's Constitution.

## COUNT II

For his second cause of action, Mr. Alonzo alleges and states as follows:

28. Mr. Alonzo hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

29. The Bethany Police Department failed to properly train and/or modify its training to Defendant and its other officers including, but not limited to, matters related to reasonable and appropriate use of force during seizures and arrests. In review of the incident reports, Defendant Bethany Police Department has affirmed that Officer Plumb's actions were within its policies and procedures, despite a great size difference between Jaime Alonzo and Officer Plumb and lack of justifying factors, such as no safety risk to Officer Plumb or the public and no concern for flight risk, to use such excessive force.

30. Defendant Bethany Police Department's actions are actionable under Oklahoma's Constitution and Plaintiff provided proper notice under the Oklahoma Governmental Tort Claims Act.

31. As a direct and proximate result of the acts and omissions described herein, Mr. Alonzo suffered compensatory and special damages as defined under Oklahoma State law in an amount to be determined by a jury.

## DEMAND FOR JURY TRIAL

32.     Mr. Alonzo demands a jury trial as to all issues of fact herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays this Court to enter judgment granting the following relief as against the Defendants herein:

33.     Damages in excess of Seventy-Five Thousand Dollars ($75,000) against the Defendants in an amount sufficient Mr. Alonzo for:

   a.     The conscious pain, suffering, and mental anguish suffered by Mr. Alonzo;

   b.     Medical bills incurred;

   c.     Violation of United States constitutional rights;

   d.     Violation of Oklahoma constitutional rights;

   e.     Punitive damages as determined by a jury;

   f.     Reasonable attorney fees, expert fees, and costs allowable under 42 U.S.C. § 1988;

   g.     Any other relief as this court deems just and proper.

Respectfully submitted,
WALSH & FRANSEEN

s/ Derek S. Franseen
Derek S. Franseen, OBA No. 30557
200 E. 10th Street Plaza
Edmond, OK 73034
(405) 843-7600 - Telephone
(405) 606-7050 - Facsimile
dfranseen@walshlawok.com
Counsel for Plaintiff